NOYES F. PALMER v. THE CITY OF BROOKLYN. (2 Cases.)

(City Court of Brooklyn—Special Term, December, 1894.)

Sections 6 and 12 of title 19 of the charter of Brooklyn do not prevent a surveyor from recovering the compensation fixed by the ordinances of the city for services performed, upon an employment by the proper municipal officers, in relation to street openings as to which the common council subsequently rescinds its action.

ACTIONS to recover for services as surveyor.

*John P. Adams*, for plaintiff.

*A. G. McDonald*, for defendant.

CLEMENT, Ch. J.    The plaintiff was employed as surveyor by the proper officers of the city to make the necessary maps which were required in two proceedings for the opening of Railroad avenue and Barbey street. His compensation was fixed by the ordinances of the city. In other words, the plaintiff did not agree to do his work on a speculative or contingent fee. If the contention of the counsel for the city is correct, no competent surveyor would perform such work for the city, for he would be compelled to take the chances of the receipt of compensation for his services. The plaintiff performed his work and delivered his maps to the corporation counsel. Subsequently the common council passed resolutions which rescinded their prior action. I am of opinion that the power is in that body so to do under the general welfare clause of the charter, and for the reason that the title of the city in the new street does not vest until the confirmation of the assessment for the improvement. § 31, title 19, Laws

of 1888, p. 1085. The original proceedings may be defective or without jurisdiction, or it may appear that the common council made a mistake in their determination of the necessity of opening the street.

Section 6 of title 19 of the charter in no way prevents a recovery in these actions. The latter clause of the section was originally passed in 1859 (Chap. 213, Laws of 1859, § 6), and has been construed by the Court of Appeals in *Sage* v. *Brooklyn*, 89 N. Y. 189, 201. Chief Judge ANDREWS there said: " If, however, it is construed as relating simply to the expense of regulating streets, to which it was confined in the original act from which it was taken (Chap. 213, Laws of 1859), or is intended only to declare the general principle that the expense of street openings shall be a local and not a general charge, it is not subject to criticism."

Section 12 of title 19 has no application to the cases before me for the reason that no report can ever be confirmed. That section would seem only to require that the expenses should be taxed by the Supreme Court, in order to protect the property owners against excessive or illegal charges for searcher's or surveyor's fees. The plaintiff only seeks to recover his fees as fixed by the ordinances.

Judgment for plaintiff on demurrer in each case, with leave to defendant to answer on the usual terms.